## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **ISIDOR PAIEWONSKY ASSOCIATES, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**VAN CAEM KLERKS GROUP BV a/k/a** )<br>**VCKG2 B.V. and VCKG B.V. and WCSG B.V.** )<br>**n/k/a BETA LOGISTICS B.V., as legal** )<br>**successors in interest to VAN CAEM** )<br>**KLERKS GROUP B.V.,** )<br>)<br>**Defendants and Third-Party Plaintiffs,** )<br>)<br>v. )<br>)<br>**DUTY FREE ST. THOMAS, LLC, a U.S.** )<br>**Virgin Islands limited liability company,** )<br>)<br>**Third-Party Defendant.** ) | Case No. 3:18-cv-0056 |

## ORDER

**BEFORE THE COURT** is Third-Party Plaintiffs Van Caem Klerks Group BV ("VCKG") and Beta Logistics, B.V.'s ("BL") motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. (ECF No. 154). Third-Party Plaintiffs allege causes of action for common law indemnification and unjust enrichment against Duty Free St. Thomas, LLC ("Duty Free"), in case Third-Party Plaintiffs are liable to Plaintiff for damages resulting from Duty Free's default under the Mall Lease. (ECF No. 14.) The Clerk of Court entered default against Duty Free on February 13, 2019. (ECF No. 53.) On September 22, 2023, the Court granted Plaintiff's motion for summary judgment on Plaintiff's Counts I (breach of contract guaranty) and II (debt) as to liability only and denied it as to damages. (ECF Nos. 135, 136.) On January 17, 2024, the Court conducted bench trial on damages.

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Upon default, a court must be satisfied

Case: 3:18-cv-00056-RAM-GAT Document #: 170 Filed: 09/18/24 Page 2 of 3

*Isidor Paiewonsky Associates, Inc. v. Van Caem Klerks Group BV, et al.*
Case No. 3:18-cv-0056
Order
Page **2** of **3**

"that the unchallenged facts shown of record establish a legally binding obligation." *Pope v. United States*, 323 U.S. 1, 12 (1944); *Chudley v. Matossian*, No. 19-CV-03879-JMY, 2019 WL 6250926, at *2 (E.D. Pa. Nov. 21, 2019) (before entering default judgment, a court must determine whether "the unchallenged facts constitute a legitimate cause of action").

"[A] claim for common law indemnification can be asserted after a party has been found liable in . . . the same action through a counterclaim or third-party complaint," *Willie v. Amerada Hess Corp.*, 66 V.I. 23, 86 (Super. Ct. 2017)(citation omitted), and "concerns the '*shifting* of responsibility from the shoulders of one person to another.'" *Id*. at 92 (citation omitted). "Indemnity arises 'where an *innocent party* is held vicariously liable for the actions of the *true tortfeasor*.'" *Id.* To recover under unjust enrichment cause of action, a plaintiff must establish: "(1) that the defendant was enriched, (2) that such enrichment was at the plaintiff's expense, (3) that the defendant had appreciation or knowledge of the benefit, and (4) that the circumstances were such that in equity or good conscience the defendant should return the money or property to the plaintiff." *Walters v. Walters*, 60 V.I. 768, 779–80 (2014).

Third-Party Plaintiffs allege that, on November 30, 2011, Duty Free entered into a Mall Lease with Isidor Paiewonsky Associates, Inc. (the "Landlord"). The Landlord alleges in its complaint that Defendants, as guarantors of a Mall Lease, guaranteed Duty Free's obligations upon Duty Free's default under the Mall Lease. Since Duty Free was not a party to the original lawsuit, Defendants filed a third-party complaint against Duty Free, alleging it may be liable to them for all or part of the Landlord's claims against them. Third-Party Plaintiffs allege that, on February 2, 2018, Duty Free entered into an Agreement to Relinquish the Demised Premises with the Landlord, surrendering the leased property to the Landlord, without Third-Party Plaintiffs' consent. Thereafter, the Landlord entered into a lease agreement with a new tenant and now seeks damages against Defendants/Third-Party Plaintiffs.

Upon review of the allegations in the third-party complaint, the Court finds that the unchallenged factual assertions sufficiently state elements establishing causes of action for common law indemnification and unjust enrichment. As the Court has already determined Defendants' liability and the Plaintiff's damages against Defendants in the amount of

Case: 3:18-cv-00056-RAM-GAT   Document #: 170   Filed: 09/18/24   Page 3 of 3

*Isidor Paiewonsky Associates, Inc. v. Van Caem Klerks Group BV, et al.*
Case No. 3:18-cv-0056
Order
Page **3** of **3**

$997,819, the Court finds that entering default judgment against Duty Free and in favor of Third-Party Plaintiffs in the amount of $997,819.37, is warranted. Accordingly, it is hereby

**ORDERED** that Third-Party Plaintiffs' motion for default judgment, ECF No. 154, is **GRANTED**; and it is further

**ORDERED** that Duty Free is liable to Third-Party Plaintiffs in the amount of $997,819.37, plus post judgment interest pursuant to 28 U.S.C. § 1961.

**Dated:** September 18, 2024         */s/ Robert A. Molloy*
                                      **ROBERT A. MOLLOY**
                                      **Chief Judge**